**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

NOVA CASUALTY CO.,

<em>Plaintiff</em>,

v.

MJR MESSENGER INC.,

<em>Defendant</em>.

CIVIL ACTION
NO. 15-01411

**<u>MEMORANDUM</u>**

**PAPPERT, J.**                                                      **August 27, 2015**

Plaintiff Nova Casualty Company ("Nova") moves for a default judgment against Defendant MJR Messenger Inc. ("MJR"). The Court grants the Motion.

On May 17, 2011, MJR employee Robert W. Harding ("Harding") was driving an MJR delivery vehicle when he struck and killed a pedestrian, Mildred Pisano ("Pisano"). (Compl. ¶¶ 22-24 & Ex. D at ¶¶5, 16.) Pisano's husband, as administrator of her estate, sued MJR in the Philadelphia County Court of Common Pleas alleging, *inter alia*, wrongful death and negligence claims. (*Id.* ¶¶ 21, 27; *see also Pisano v. MJR Messenger, Inc.*, Civil Dkt. No. 03756, October Term 2012 (Pa. Ct. Com. Pl.) (the "Underlying Action").) Nova provided MJR a defense in the Underlying Action pursuant to a Commercial Automobile Policy (the "Policy") Nova issued to MJR. (Compl. ¶¶ 28-29.) The Underlying Action was eventually settled on April 11, 2014, and Nova paid $350,000 as part of that settlement on MJR's behalf. (*Id.* ¶¶ 33-35.)

Nova filed this lawsuit on March 19, 2015, seeking a declaration that MJR is legally required to reimburse Nova for the $350,000 settlement payment.[1]  (ECF No. 1.)  The complaint states that the Policy provided liability coverage to MJR only for automobiles specifically listed in the Policy under "Item Three – Schedule of Covered Autos You Own" and for automobiles "loaned to [MJR] by an automobile repair facility while a covered auto is at a facility for repairs or service."  (Compl. ¶¶ 6-16; *see also id.*, Ex. A at 17, 21.)[2]  Because the vehicle Harding was driving when he struck Pisano was not a covered auto listed in Item Three or an automobile loaned to MJR by a repair facility, Nova maintains that it was not required to provide coverage to MJR or Harding.  (*Id.* ¶ 20.)  Rather, Nova provided a defense and settlement funds to MJR on the basis of regulatory requirements under Pennsylvania law.   Nova asserts that these same requirements allow it to recoup the $350,000 settlement payment from MJR.  (*Id.*)

## I.

As a matter of public policy, "Pennsylvania has been uniformly insistent that basic insurance coverage be required for all registered motor vehicles."  *Metro Transp. Co. v. N. Star Reinsurance Co.*, 912 F.2d 672, 684 (3d Cir. 1990) (citing *Mitchell v. Travelers Ins. Co.*, 538 A.2d 1372, 1375-76 (Pa. Super. Ct. 1988), *aff'd*, 564 A.2d 1232 (Pa. 1989)).  With special regard to motor carriers,[3] Pennsylvania law and Pennsylvania Public Utility Commission ("PUC")

---

[1]     The Court has diversity jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a).  Nova is a New York citizen, MJR is a Pennsylvania citizen, and the amount in controversy is alleged to exceed $75,000.  (Compl. ¶¶ 2-3.)

[2]     Nova attached the Policy as Exhibit A to its complaint.  Because the Policy, as well as other exhibits to the complaint, lack consistent pagination, all citations to the complaint's exhibit pages in this memorandum will refer to ECF page numbers.

[3]     Section 102 of the Pennsylvania Public Utility Code defines "motor carrier" as a "common carrier by motor vehicle" and defines "common carrier" as:

> Any and all persons or corporations holding out, offering, or undertaking, directly or indirectly, service for compensation to the public for the

regulations establish specific insurance requirements for the motor carrier to be licensed in the state of Pennsylvania. *Id.*  This mandatory coverage compensates injured third parties for their medical expenses, or any other loss caused by the motor carrier. *Id.*

In 2005, the PUC became concerned about "valid claims for recovery being denied on the basis that a particular vehicle or driver involved in an accident was not listed on the motor carrier's insurance policy." *In re Ins. Coverage Requirements for Motor Carriers*, Declaratory Order M-00041816, 2005 WL 1876133, at *1 (Pa. P.U.C. May 23, 2005).  The PUC responded by issuing a declaratory order "to remove any uncertainty over mandated coverage requirements." *Id.*

The PUC's 2005 declaratory order requires that every insurer file a "Form E" certification for every policy it issues to a motor carrier. *Metro Transp. Co.*, 912 F.2d at 681. By filing a Form E, or a "Uniform Motor Carrier Bodily Injury and Property Damage Liability Certificate of Insurance," the insurer certifies that it will provide surety coverage to the public at large. *See In re Ins. Coverage Requirements for Motor Carriers*, 2005 WL 1876133 at *5; *cf. Metro Transp. Co.*, 912 F.2d at 681 ("Pennsylvania's insurance certification requirements were promulgated [by the PUC] for the protection of persons or property of [the motor carrier's] patrons and the public.") (quotation omitted).  In addition to filing the Form E, the insurer includes a "Form F" endorsement (or "Uniform Motor Carrier Bodily Injury and Property

---

transportation of passengers or property, or both, or any class of passengers or property, between points within this Commonwealth by, through, over, above, or under land, water, or air, and shall include forwarders, but shall not include contract carriers by motor vehicles, or brokers, or any bona fide cooperative association transporting property exclusively for the members of such association on a nonprofit basis.

*United Parcel Serv., Inc. v. Pa. Pub. Util. Comm'n*, 789 A.2d 353, 356 (Pa. Commw. Ct. 2001) (citing 66 Pa. C. S. § 102).

Damage Liability Insurance Endorsement") to the issued policy to ensure that coverage is provided in accordance with and to the extent required by Pennsylvania law. *Id.*

> The Form "F" endorsement constitutes an amendment of the underlying insurance policy to provide that coverage shall be in accordance with the coverage required by "any State motor carrier law or regulations promulgated by any State commission with jurisdiction" over the motor carrier. Accordingly, by filing the Form "E" certification, coupled with the Form "F" endorsement, the insurer certifies to the Commission that it is providing coverage in accordance with the law, notwithstanding any potentially contrary terms contained in an individual policy of insurance.
>
> Our statute and regulations clearly require coverage on each and every vehicle used by a motor carrier in its authorized service. . . . [A]n insurer must file with the Commission a Form "E" to cover bodily injury or property damage "resulting from the operation, maintenance or use of a motor vehicle in the insured authorized service". Vehicle lists utilized by an insurer and insured as part of the private insurance contract cannot be used to defeat coverage for all vehicles used by a carrier in its service, as required by law.

*Love-Diggs v. Tirath*, 911 A.2d 539, 541 (Pa. Super. Ct. 2006) (citing 66 Pa. C. S. § 512, 52 Pa. Code §§ 32.11-32.12).

The Form E/Form F regulatory scheme does not, however, render the insurer liable for all its policyholders without redress. In addition to statutory liability limits, Form F allows the insurer to seek reimbursement from an insured for any payments it makes "which it would not have been obligated to make under the terms of the policy except by reason of the obligation assumed in making [the Form E] certification." *In re Ins. Coverage Requirements for Motor Carriers*, 2005 WL 1876133 at *5 (quoting language from Form F). Thus, the system set up by Form E and Form F is not meant to produce a windfall for the insured, but a safety net for the public at large; surety coverage under Form E/Form F is only triggered "when it comes to the responsibility to the public of the insurer to meet the obligations set forth in [PUC] standards." *Id.*

Nova filed a Form E with the PUC for MJR's Policy on May 9, 2011.  (Compl. ¶ 16 & Ex. B.)  On the basis of this Form E, Nova provided MJR with a defense and eventually made a payment toward settlement of the Underlying Action.  Thereafter, Nova sought a declaration from this Court that under the Form E/Form F regulatory scheme, MJR owes Nova $350,000 in reimbursement for the monies Nova paid on MJR's behalf in the *Pisano* settlement.[4]  (Compl. ¶ 39.)  Nova personally served a copy of its summons and complaint on MJR's owner on April 21, 2015.  (ECF No. 3.)  MJR was required to file an answer or otherwise respond to the complaint by May 12, 2015.  *See* Fed. R. Civ. P. 12(a)(1)(A) (giving a defendant 21 days after being served with the summons and complaint to answer or otherwise respond).  MJR failed to appear or respond to the complaint by the May 12 deadline.

On May 20, 2015, Nova filed a request for entry of default against MJR pursuant to Federal Rule of Civil Procedure 55(a).  (ECF No. 4.)  The clerk of court entered default against MJR that day.  Nova filed its Motion for Default Judgment under Rule 55(b) on June 11, 2015.  (ECF No. 7.)  Both Nova's request for default and Motion for Default Judgment were served on MJR by first class and certified mail at the same address where MJR was personally served with the summons and complaint.  (ECF Nos. 4, 7.)  MJR failed to respond to Nova's Motion by the deadline prescribed by Federal and Local Rules of Civil Procedure.  To date, MJR has not

---

[4]        Nova claims it is also entitled to reimbursement by virtue of the Policy's MCS-90 endorsement, which is the federal equivalent of the Form F for *interstate* carriers (as opposed to Form F's *intrastate* carriers) under the Motor Carrier Act of 1980.  (*See* Compl. ¶14, 20; *see also Canal Ins. Co. v. Underwriters at Lloyd's London*, 435 F.3d 431, 442 (3d Cir. 2006) ("The MCS-90 endorsement is a federally required form endorsement which states that commercial liability insurers, such as Canal, must pay any 'final judgment' recovered against the insured for public liability resulting from negligence in the operation, maintenance, or use of motor vehicles subject to financial responsibility requirements of the Motor Vehicle Act regardless whether the vehicle is described in the policy.").)  Because Nova has not attached MJR's MCS-90 to the complaint, and because the complaint contains no assertion that Harding was engaged in interstate commerce when he struck Pisano (in fact, the accident took place within the state of Pennsylvania, *see* Compl. ¶ 23-24), the Court focuses its analysis on Pennsylvania's Form E/Form F regulations.  Nevertheless, because the MCS-90 is the federal analog to Pennsylvania's Form F and there is a dearth of authority on Form F in this Circuit, the Court finds the MCS-90 case law helpful in determining the application of Form F and its reimbursement provisions to this case.  *See* Part III, *infra*.

appeared (either individually or through counsel), pleaded, or otherwise defended itself in this case.

## II.

The Declaratory Judgment Act provides that a court "may declare the rights and other legal relations of any interested party seeking such declaration."  28 U.S.C. § 2201.  In exercising its discretion under the Declaratory Judgment Act, a district court should consider the following: (1) the likelihood that the declaration will resolve the uncertainty of obligation which gave rise to the controversy; (2) the convenience of the parties; (3) the public interest in a settlement of the uncertainty of obligation; and (4) the availability and relative convenience of other remedies."  *Terra Nova Ins. Co. v. 900 Bar., Inc.,* 887 F.2d 1213, 1224-25 (3d Cir. 1989) (citation omitted).

The *Terra Nova* factors support granting declaratory relief.  First, a declaratory judgment eliminates the uncertainty of Nova's obligations by making clear that it has a right to reimbursement from MJR for the settlement funds expended in the Underlying Action.  Second, convenience of the parties remains at least a neutral factor.  Third, the public has an interest in resolving the uncertainty of Nova's obligations consistent with Pennsylvania law, notably the Form E/Form F regulatory requirements promulgated largely, if not entirely, for the public benefit.  Lastly, there are no other remedies that will resolve the uncertainty of Nova's position without significant cost and inconvenience to all of the parties and the public.  The Court therefore concludes that declaratory judgment is an appropriate remedy in this case.

## III.

Federal Rule of Civil Procedure 55 governs the entry of default judgment.  Rule 55 provides that after the clerk has entered a default against a defendant for failure to plead or otherwise defend, the plaintiff may apply to the court for a default judgment.  Fed. R. Civ. P. 55(a), (b)(2).  A plaintiff who has taken the proper procedural steps under Rule 55 is not entitled to default judgment as of right; rather, the entry of default judgment is left to the discretion of the court.  *Hritz v. Woma Corp.,* 732 F.2d 1178, 1180 (3d Cir. 1984).  In exercising that discretion, the court is mindful "that cases [should] be disposed of on the merits whenever practicable."  *Id.* at 1181.

In deciding whether to enter default judgment, the court considers three factors: (1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a meritorious defense; and (3) whether defendant's delay is due to culpable conduct.  *Hansen v. Shearson/Am. Express, Inc.*, No. 82-cv-4945, 1986 WL 12420, at *2 (E.D. Pa. Nov. 3, 1986) (citing *Gold Kist, Inc. v. Laurinburg Oil Co., Inc*., 756 F.2d 14, 18 (3d Cir. 1985)).  "[T]he court accepts as true the well-pleaded factual allegations in the plaintiff's complaint, except those relating to damages, as though they were admitted or established by proof, as well as all reasonable inferences that can be drawn therefrom."  *Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261, 270 (E.D. Pa. 2014) (citations omitted).  Conclusory allegations and the parties' legal theories or conclusions of law, however, are not entitled to the same presumption and are not deemed admitted.  *Id*. at 270-71.

After analyzing the Rule 55(b) factors, the entry of default judgment against MJR is appropriate under the circumstances of this case.  The first factor, prejudice to the moving party if default judgment is denied, strongly favors granting default judgment.  Nova has provided

MJR a defense in the Underlying Action and made a $350,000 settlement payment on MJR's behalf in that case.  (Mot. for Default J. 4.)[5]  Nova is prejudiced by MJR's disregard for this litigation, which prolongs the dispute between the parties and at a minimum delays Nova's ability to obtain possible reimbursement from MJR.  *Great Am. E & S Ins. Co. v. John P. Cawley, Ltd.*, 866 F. Supp. 2d 437, 441 (E.D. Pa. 2011).  "Considerable delays," especially those that might "stretch on indefinitely," are sufficient to show prejudice to the plaintiff.  *Joe Hand Promotions*, 3 F. Supp. 3d at 271 (citation omitted).

The second factor also favors the entry of default judgment because MJR does not appear to have any meritorious defenses to Nova's request for a declaratory judgment.  A party seeking to prove a meritorious defense must allege specific facts that stretch beyond a general denial. *E. Elec. Corp. of N.J. v. Shoemaker Const. Co.*, 652 F. Supp. 2d 599, 606 (E.D. Pa. 2009).  In other words, the party cannot rest solely "on the mere recitation of the relevant statutory language or a phrase in the Federal Rules of Civil Procedure."  *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195-96 (3d Cir. 1984).  MJR has never entered an appearance in this action, much less asserted *any* defense to Nova's complaint for declaratory judgment. "[T]he court may presume that an absent defendant who has failed to answer has no meritorious defense because it is not the court's responsibility to research the law and construct the parties' arguments for them."  *Joe Hand Promotions*, 3 F. Supp. 3d at 271 (citations and internal quotations omitted).

Furthermore, based on the Form E Nova filed with the PUC on May 9, 2011, Form F's plain language, and the PUC's administrative order clarifying the purpose and operation of the Form E/Form F regulatory scheme, Nova should be allowed to recoup the $350,000 settlement

---

[5]      As Plaintiff's Motion for Default Judgment lacks pagination, all citations to the Motion in this memorandum will refer to ECF page numbers.

from MJR under Pennsylvania law. *See In re Ins. Coverage Requirements for Motor Carriers*, 2005 WL 1876133 at *5 (reproducing a blank Form F in full and explaining that the Form E/Form F scheme allows an insurer "to seek reimbursement from an insured for any payments made by the [insured] which it [otherwise] would not have been obligated to make under the terms of [the insured's] policy"); *cf Canal Ins. Co. v. Underwriters at Lloyd's London*, 435 F.3d 431, 442 n.4 (3d Cir. 2006) and *Occidental Fire & Cas. Co. of N. Am. v. Westport Ins. Corp.*, No. 02-cv-8923, 2004 WL 2028616, at *11 (E.D. Pa. Sept. 10, 2004) (citing *Carolina Cas. Ins. Co. v. Ins. Co. of N. Am.,* 595 F.2d 128, 136 (3d Cir. 1979)) (stating that insurers are clearly entitled to reimbursement under federal analog MCS-90).

Nova admits that "[n]either Form F nor the MCS-90 was actually endorsed to the Policy." (Compl. ¶ 12.) Nevertheless, Nova maintains that "by virtue of the PUC requirements for such items . . . the Policy would be construed to contain Form F and MCS-90." (*Id.*) The Court has found no binding authority to the contrary. Particularly with regard to Form F, the Court has found no cases in this Circuit that consider whether the reimbursement provision of Form F is rendered null and void simply because the Form was not attached to the policy at issue. Here, there is record evidence that Nova filed a Form E for MJR's Policy with the PUC prior to the accident involving Pisano and that Nova willingly provided MJR with a defense and $350,000 settlement payment. (Compl. ¶ 20 & Exs. B, E-F.) Nova never disputed its obligations to provide surety coverage to the public as mandated by the PUC and at all times conducted itself as if MJR's Form F was valid and in effect. Allowing Nova now to recover its $350,000 from MJR is in keeping with Form E/Form F regulations as outlined in *In re Ins. Coverage Requirements for Motor Carriers* and Pennsylvania's public policy underlying those regulations.

The Court also finds case law surrounding the analogous MCS-90 federal endorsement for interstate carriers to be instructive.  In the context of the MCS-90, courts have read the endorsement into the policy as a matter of law when the insurer filed the proper certification and proceeded as though the endorsement was in effect, even though the endorsement was not physically attached to the policy.  *See Prestige Casualty Co. v. Mich. Mut. Ins. Co.,* 99 F.3d 1340 n.6 (6th Cir. 1996) ("Although the ICC endorsement[6] in fact is not attached to Michigan Mutual's policy, Michigan Mutual acknowledges that it is incorporated as a matter of law."); *Travelers Ins. Co. v. Transp. Ins. Co.,* 787 F.2d 1133, 1139 (7th Cir. 1986) ("The Transport policy did not contain a printed endorsement to this effect, but it has been held that this endorsement may be read into a policy certified to the ICC as a matter of law."); *Hagans v. Glens Falls Ins. Co.,* 465 F.2d 1249, 1252 (10th Cir. 1972) (finding that where endorsement was not attached to insured's policy, but insurer had filed the corresponding certificate of insurance with regulators and all parties proceeded on the premise that the policy contained the endorsement, the court would "too assume that the policy issued . . . contained the required ICC endorsement.")  The Court finds this reasoning equally applicable to Pennsylvania's Form F. Given this authority and the record before the Court, MJR does not appear to have a meritorious defense.

The third and final factor—whether MJR's delay is due to its own culpable conduct—is at least a neutral factor, and at most a factor favoring entry of default judgment.  Culpable conduct relates only to "actions taken willfully or in bad faith."  *Mike Rosen & Assocs., P.C. v. Omega Builders,* 940 F. Supp. 115, 118 (E.D. Pa. 1996) (citing *Gross v. Stereo Component Sys., Inc.,* 700 F.2d 120, 124 (3d Cir. 1983)).  Some courts have held the third factor to be neutral

---

[6]    The MCS-90 endorsement was previously referred to as an "ICC endorsement."  *See Progressive Cas. Ins. Co. v. Hoover,* 809 A.2d 353, 360 n.11 (Pa. 2002).

where the court "has no information related to the motivations" of the defendant "in failing to appear and defend." *Great Am. E & S Ins. Co.*, 866 F. Supp. at 442.  Other courts have found that "the defendant's failure or refusal to engage in the litigation process and to offer no reason for this failure or refusal may qualify as culpable conduct with respect to the entry of a default judgment—indeed, for the Court to conclude otherwise would be to reward the recalcitrant or the oppositional and uncooperative." *Joe Hand Promotions*, 3 F. Supp. 3d at 271 (citations and internal quotations omitted); *see also E. Elec. Corp.,* 657 F. Supp. 2d at 606-07 ("In this case, the Court finds no excuse or outside reason apart from the Third-Party Defendants' own conduct that the Third-Party Defendants have defaulted.  They have not responded to Shoemaker's Amended Third-Party Complaint, and Shoemaker asserts in its Memorandum that it 'served all pleadings, motions and other documents . . . as appropriate.' . . . The Court finds that this conduct easily qualifies as culpable conduct with respect to the entry of a default judgment.").

The record shows that MJR's owner was personally served with the summons and complaint on April 21, 2015.  (ECF No. 3.)  Nova's request for default and Motion for Default Judgment were both served on MJR by first class and certified mail at the same address where MJR was personally served with the summons and complaint.  (ECF Nos. 4, 7.)  Throughout this litigation, MJR has failed to appear or otherwise defend.  Whether the Court considers the third factor as neutral or weighing in favor of default judgment, overall analysis of the three Rule 55(b) factors favors entry of default judgment.

An appropriate order follows.[7]

---

[7]    In addition to the $350,000 settlement payment, Nova also requests an award of costs and attorney's fees for the initiation of this lawsuit.  The Court has "equitable discretion" under Rule 54(d) to determine what attorney's fees and costs, if any, should be awarded to a prevailing party.  *Smith v. Se. Pa. Transp. Auth.*, 47 F.3d 97, 99 (3d Cir. 1995); *see also Copperweld Steel Co. v. Demag-Mannesmann-Bohler*, 624 F.2d 7, 9 (3d Cir. 1980) ("Under Rule 54, the determination of which costs will be awarded to the prevailing party is a matter left to the sound discretion of the district court.") (citing *Farmer v. Arabian Am. Oil Co*., 379 U.S. 227, 232-35 (1964)).  In this case, the Court does not find that an award of attorney's fees and costs is warranted.

_/s/ Gerald J. Pappert_
GERALD J. PAPPERT, J.